UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL GARRETT,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC and CITIBANK, N.A.,<br><br>    Defendants. | Case No. 24-cv-12790<br><br>Honorable Robert J. White |

**ORDER (1) REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND (2) SETTING A HEARING ON DAMAGES**

This case arises from alleged violations of the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 *et seq*. (ECF No. 1). Before the Court is Plaintiff's motion for a default judgment against Defendant Citibank, N.A. (Citibank),[1] under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 14).

Plaintiff is entitled to a default judgment. However, because the Court cannot determine the damages from the motion papers and exhibits with reasonable

---

[1] The other defendant in this case, Equifax information Services, LLC, settled with Plaintiff and was dismissed on May 8, 2025. (ECF Nos. 6, 15).

certainty, the Court will hold an evidentiary hearing on damages on June 11, 2025 at 2:00 pm.

### I. Background

Plaintiff's complaint alleges that Defendants committed negligent and/or willful violations of the FCRA by failing to adequately investigate and correct an inaccurate obligation on Plaintiff's credit report. (ECF No. 1).  Because Citibank failed to otherwise plead or defend in this action, the Court Clerk entered a default against it on February 18, 2025. (ECF Nos. 10-12).

### II. Legal Standard

Default judgments are governed by Fed. R. Civ. P. 55.  Pursuant to Rule 55(b), the Court may enter a judgment of default against a defendant who fails to plead or otherwise defend against an action.  To obtain a judgment by default, the moving party must first request for the Clerk of the Court to enter a default under Fed. R. Civ. P. 55(a). *Shepard Claims Serv. Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).

Upon entry of a default, all well-pled allegations of the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. Jun. 9, 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)).  A default judgment on well-pled allegations only establishes a defendant's liability, however; the plaintiff must still establish the

extent of damages. *RQSI Global Asset Allocation Master Fund, Ltd. v. APERCU Int'l PR LLC*, No. 15-00778, 2019 U.S. Dist. LEXIS 77104, at *11-12 (W.D. Ky. Feb. 21, 2019).

### III. Analysis

#### A. Liability

Following Plaintiff's motion for a default judgment, Citibank again failed to respond or otherwise attempt to set aside the default entered against it. So the well-pled allegations of the complaint are deemed admitted. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). Accordingly, the Court finds that Plaintiff's complaint sufficiently alleges facts to support his claims of negligent and willful violation of the FCRA. Plaintiff is therefore entitled to default judgment.

#### B. Damages

Plaintiff seeks actual damages of $5,000 for the emotional distress from Citibank's inaccurate reporting, punitive damages of $5,000, as well as unspecified cost and fees. (ECF No. 14, PageID.42-43). Plaintiff, however, submits no affidavit or other documentary evidence to support his requested damage award.

A plaintiff must prove his entitlement to the requested monetary damages. *RQSI Global Asset Allocation Master Fund, Ltd.* 2019 U.S. Dist. LEXIS 77104 at *11-12. The Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *Vesligaj v. Peterson*, 331 F. App'x. 351, 355 (6th Cir. 2009).

3

And Rule 55(b) authorizes the Court to hold a hearing to determine the amount of damages.

Indeed, where a plaintiff's request for default does not involve a claim for a sum certain, "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages[.]" Fed. R. Civ. P. 55(b)(2)(B). *See also Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010) ("Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain."). The Court may also rely on affidavits and other documentary evidence to determine that appropriate damages amount. *Hart v. Estes*, No. 17-317, 2018 U.S. Dist. LEXIS 67848, at *6 (W.D. Ky. Apr. 20, 2018).

Because the Court cannot determine with reasonable certainty the appropriate damages amount, the Court will hold an evidentiary hearing on June 11, 2025 at 2:00 pm. Counsel for Plaintiff must be prepared to present evidence in all categories of damages sought.

SO ORDERED.

Dated: May 28, 2025                    s/ Robert J. White
                                       Robert J. White
                                       United States District Judge